T.C. Memo. 1998-257


UNITED STATES TAX COURT


MARIA M. MASLOFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1216-97.                    Filed July 14, 1998.


Maria M. Masloff, pro se.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax:

|       |            | Additions to Tax |            |
|-------|------------|------------------|------------|
| Year  | Deficiency | Sec. 6651(a)(1)[1] | Sec.6654 |
| 1988  | $58,987    | $14,230          | $3,626     |
| 1989  | 4,666      | 100              | --         |
| 1992  | 123,520    | 30,880           | 5,389      |

The issues remaining for decision are:

(1) Should the determinations of respondent in the notice of deficiency (notice) that the parties have not resolved be sustained?  We hold that they should.

(2) Is petitioner entitled for 1988 to a claimed loss for an alleged investment?  We hold that she is not.

(3) Is petitioner entitled for 1988 to increase her basis in certain real property that she sold during that year?  We hold that she is not.

(4) Is petitioner entitled for 1992 to deduct approximately one-half of certain mortgage interest that she paid during that year in Schedule A and one-half of such interest in Schedule E? We hold that she is not.

Some of the facts have been stipulated and are so found. The stipulation of facts (stipulation) and the exhibits attached thereto are incorporated herein by this reference.

Petitioner resided in Hesperia, California, at the time the petition was filed.

---

[1]  All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner did not file a Federal income tax return (return) for 1988 or 1989.

During 1988, petitioner received wage income from Transamerican Plastics Corporation in the amount of $36,400, pension income from Prudential Insurance Company in the amount of $1,801, and interest income from Bank of America, Home Federal Savings, First Interstate Bank, and Chino Valley Bank in the amounts of $44, $242, $179, and $2, respectively.

In the late 1960's, petitioner and her husband purchased a two-bedroom, one-bath house on West El Repetto Drive in Monterey Park, California (Repetto property).  Petitioner and her husband resided in the Repetto property for a few years and then converted it to a rental property which they leased for most of the 20 years that petitioner owned it.  During 1988, petitioner sold the Repetto property for $175,000.  At settlement of the sale of the Repetto property, various amounts were credited and debited against that sales price, as reflected in the final settlement statement with respect to that sale.

During 1989, petitioner received wage income from Transamerican Plastics Corporation in the amount of $21,461, pension income from Prudential Insurance Company in the amount of $1,791, and interest income from Bank of America, Home Federal Savings, First Interstate Bank, and Coast Bank in the amounts of $12, $44, $12, and $699, respectively.

During 1989, petitioner received gambling winnings totaling $7,025 and is entitled to a Schedule A gambling loss in the same amount.

During 1992, petitioner received pension income from Prudential Insurance Company in the amount of $1,851.

In 1989, petitioner purchased vacant land on Harper Lake Road in San Bernardino County (Harper Lake Road property) for $48,000. In 1992, petitioner sold that property for $160,000. At settlement of the sale of the Harper Lake Road property, various amounts were credited and debited against that sales price, as reflected in the seller's closing statement with respect to that sale. Petitioner incurred deductible costs associated with the sale of the Harper Lake Road property in the amount of $17,402. Petitioner realized a gain for 1992 from the sale of that property in the amount of $94,598.

Petitioner and respondent resolved by agreement many of the determinations in the notice, as set forth in the stipulation. We therefore turn to the issues that remain for our consideration. Presumably in an effort to show that respondent's determination under section 6651(a)(1) for 1992 is wrong, petitioner contends that she filed a return for that year. However, the record is devoid of any evidence to support that contention. Petitioner also contends that she is entitled to (1) a loss for 1988 from an alleged investment, (2) an increase

in her basis in certain property that she sold during 1988, and (3) deductions for 1992 of approximately one-half of certain mortgage interest in Schedule A and one-half of such interest in Schedule E.[2]  The only evidence in the record to support those contentions is the general, vague, and conclusory testimony of petitioner.

Petitioner has the burden of showing (1) error in respondent's determinations in the notice and (2) her entitlement to any new matters that she claimed at trial.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  On the record before us, we find that petitioner has failed to carry her burden of proof on those determinations of respondent in the notice that she and respondent did not resolve in the stipulation and on those matters that she raised at trial.

To reflect the foregoing and the agreement of the parties that is set forth in the stipulation,

<u>Decision will be entered under Rule 155</u>.

---

[2]  Petitioner and respondent agreed in the stipulation that petitioner is entitled for 1992 to a Schedule A mortgage interest deduction in the amount of $13,128.  Although it is not altogether clear, it appears that petitioner is now claiming that she is entitled to deduct about one-half of that interest in Schedule E.